IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LAZY E L RANCH, INC.; FOOTHILLS COMPANY; GEORGE BENEDICT; REBECCA SPENCER; AL SPENCER; ROBERT TIMMERMAN; DOROTHY TIMMERMAN; CATHERINE TOBIN; RICHARD SHOLLEY; THOMAS MORROW; ROBERT CIRI; ANN CIRI , <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHWESTERN CORPORATION; NORTHWESTERN ENERGY; NORTHWESTERN ENERGY INC.; NORTHWESTERN ENERGY, LLC; JOHN DOES 1-10; JOHN DOE CORPORATIONS A-Z, or other business entities, subsidiaries and affiliates, <br><br> Defendants. | CV 17-112-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiffs Lazy E L Ranch, Inc., Foothills Company, George Benedict, Rebecca & Al Spencer, Robert & Dorothy Timmerman, Catherine Tobin & Richard Sholley, Thomas Morrow, and Robert & Ann Ciri ("Plaintiffs") bring this action against Defendants Northwestern Corporation, Northwestern Energy, Northwestern Energy Inc., and Northwestern Energy, LLC ("Northwestern") for

1

damage to their properties resulting from a fire known as the East Rosebud Fire. (Doc. 6.) Plaintiffs' complaint alleges three counts against Northwestern: (Count I) strict liability; (Count II) negligence; and (Count III) negligence per se. (*Id.*)

Presently before the Court is Northwestern's Motion to Dismiss Count I, which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 3.) The motion is fully briefed and ripe for the Court's review. (Docs. 4, 9, 11.)

Having considered the parties' submissions, the Court **RECOMMENDS** Northwestern's Motion to Dismiss Count I be **GRANTED**.

## I. BACKGROUND

Plaintiffs are the owners of rural properties located in Carbon County, Montana. (Doc. 6 at ¶ 4.) Northwestern owns, operates, controls and maintains electrical power equipment, poles, and lines in the vicinity of Plaintiffs' property. (*Id.* at ¶ 3.) On or about August 28, 2012, a fire ignited in Northwestern's utility right-of-way on or near the property of Plaintiffs Catherine Tobin and Richard Sholley. (*Id.* at ¶ 5.) The fire is referred to as the East Rosebud Fire. (*Id.*) Plaintiffs contend they suffered property damage and diminution of the value of their properties as a result of the fire. (*Id.* at ¶ 7.)

Plaintiffs allege the East Rosebud Fire was caused by "a live electrical malfunction from equipment owned, controlled, maintained and operated by [Northwestern]." (*Id.* at ¶ 6.) Plaintiffs assert Northwestern breached its duty to

properly "control, maintain, operate, install and replace its electrical lines, poles and equipment," which directly caused the fire. (*Id.* at ¶ 13.) Plaintiffs further allege in Count I of their complaint that Northwestern is strictly liable under Mont. Code Ann. §§ 50-63-103 and 50-63-104 as the responsible party. (*Id.* at ¶ 9.)

## II.  ANALYSIS

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial

experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

Northwestern argues Plaintiffs have failed to allege a cognizable strict liability claim. (Doc. 4.) Northwestern contends § 50-63-103 only imposes strict liability where the facts show the fire was deliberately and intentionally set, and points out that Plaintiffs do not allege it intentionally set the East Rosebud Fire. (*Id.*) Northwestern further argues § 50-63-104 is merely a limitation on damages in cases where fires are caused by a negligent or unintentional act, and is not a strict liability statute. (*Id.*) Northwestern therefore argues Count I should be dismissed.

Plaintiffs counter that they have asserted a facially plausible claim under § 50-63-103 because they alleged Northwestern failed to control, maintain, operate, install and replace its electrical power lines, poles and equipment, which directly caused the fire. (Doc. 9.) Plaintiffs further argue it is premature to dismiss Count I until after discovery of information regarding Northwestern's knowledge of its electrical equipment malfunctions, and its actions/inactions on the day of the fire and the days leading up to the fire. (*Id.*) Plaintiffs concede that § 50-63-104 is only a limitation on damages, and not a basis for strict liability. (*Id.*)

Turning to the operative statute, § 50-63-103 provides in relevant part:

Except as provided in 50-63-104, a person who sets or leaves a fire
that spreads and damages or destroys property of any kind not

> belonging to the person is liable for all damages caused by the fire, and an owner of property damaged or destroyed by the fire may maintain a civil suit for the purpose of recovering damages. . . .

Mont. Code. Ann. § 50-63-103.

In interpreting the language of this statute, the Montana Supreme Court has held § 50-63-103 applies "only to the intentional setting or leaving a fire." *Belue v. State*, 649 P.2d 752, 754 (Mont. 1982). Where a fire is caused by a negligent or unintentional act, there is no strict liability under the statute.

In *Mont. Dep't of Nat. Res. & Conservation v. Clark Fork Logging Co.*, 646 P.2d 1207 (Mont. 1982), for example, a subcontractor hired to log an area in Sanders County inadvertently ignited a forest fire when a chainsaw he was using backfired. *Clark Fork Logging*, 646 P.2d at 1208. The Department of Natural Resources and Conservation sought to recover the cost of extinguishing the fire under the strict liability provisions of § 50-63-103. *Id.* The Montana Supreme Court examined the history of § 50-63-103, and found that the purpose of the Act through which the statute was introduced was to control the burning of forest material through the issuance of permits. *Clark Fork Logging*, at 1209. Thus, the Court concluded, "'setting a fire' in the context of this Act and statute refers to an intentional setting of a fire." *Id.* The Court also noted that when the legislature has intended to denote the accidental ignition of a fire, it has used the term "start a fire." *Id.* The Court, therefore, found that the words "set or leave a fire" in § 50-63-103

"refer to the deliberate act of burning excess forest material."[1]  *Id.*  As applied to that case, the Court held that because the fire was not deliberately ignited, but was rather started accidentally by a spark from the chain saw, the trial court properly granted summary judgment on the plaintiff's strict liability claim.  *Id.*

Here, the Complaint does not contain any factual allegation that Northwestern deliberately or intentionally set the East Rosebud Fire.  *Belue*, 649 P.2d at 754; *Clark Fork Logging Co.*, 646 P.2d at 1209.  Plaintiffs' allegation that Northwestern failed to control, maintain, operate, install and replace its power lines, poles and equipment, is insufficient.  Even assuming Northwestern's failure caused the fire, Plaintiffs have alleged, at most, an accidental fire.  That is not sufficient to state a claim for strict liability under § 50-63-103.

Northwestern correctly notes, however, that § 50-63-103 has been amended since the *Belue* and *Clark Fork Logging* decisions.  The most recent amendment occurred in conjunction with the enactment of § 50-63-104 in 2013.  The only material change to § 50-63-103, however, was the inclusion of a proviso that the statute applied "[e]xcept as provided in 50-63-104."  Section 50-63-104 provides for the measure of damages in situations where a fire is "caused by a negligent or unintentional act or omission that is not willful or wanton . . . ."  Given the

---

[1] Subsequently, in *Whitehawk v. Clark*, 776 P.2d 484, 486 (Mont. 1989), the Montana Supreme Court held §50-63-103 is not limited to the burning of excess forest materials, but may also apply to fires on private land.

exclusion of fires caused by willful or wanton conduct from § 50-63-104, the application of § 50-63-103 may now also extend to fires resulting from willful or wanton conduct, in addition to those intentionally set. Nevertheless, the amendment has no bearing here. The Montana Supreme Court has defined "willful, wanton, or reckless conduct as an act for which 'it is apparent, or reasonably should have been apparent, to the defendant that the result was likely to prove disastrous to the plaintiff, and [the defendant] acted with such indifference toward, or utter disregard of, such a consequence that it can be said he was willing to perpetuate it.'" *Jobe v. City of Polson,* 94 P.3d 743, 746 (Mont. 2004) (quoting *Wollaston v. Burlington Norther, Inc.*, 612 P.2d 1277, 1280 (Mont. 1980)). Plaintiffs do not allege willful or wonton conduct, nor do they allege any facts from which it may be reasonably inferred that Northwestern's conduct was willful or wanton.

Plaintiffs also assert their strict liability claim should not be dismissed until after discovery. But Plaintiffs have not plead any facts suggesting they have a plausible claim that Northwestern deliberately or intentionally set the fire, or that its conduct was willful or wanton. Plaintiffs only make the conclusory legal allegation that Northwestern is strictly liable as the party responsible for the fire. (Doc. 6 at ¶ 9.) The Court is not required to take this allegation as true. *Iqbal*, 556 U.S. at 678 (stating courts are not bound to accept as true legal conclusions

couched as factual allegations). The Supreme Court has held that although Rule 8 does not require hypertechnical pleading, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* 678-79. Therefore, if a complaint is deficient under Rule 8, as Count I is here, Plaintiffs are not entitled to discovery. *Id.* at 686.

Accordingly, the Court recommends that Count I be dismissed for failure to state a claim.

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Northwestern's Motion to Dismiss Count I be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED.**

DATED this 18th day of April, 2018.

TIMOTHY J. CAVAN
United States Magistrate Judge